■ MARGARET C. CROWE, as Administratrix of the Estate of FRANCIS S. CROWE, Deceased, Appellant, v LUMEX, INC., Appellant, and OGDEN ALLIED SECURITY SERVICES, INC., Respondent. (And a Third-Party Action.) [660 NYS2d 985] —In an action to recover damages for personal injuries and wrongful death, (1) the defendant Lumex, Inc., appeals from so much of an order of the Supreme Court, Suffolk County (Underwood, J.), dated July 15, 1996, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it, and (2) the plaintiff separately appeals from so much of the same order as granted the separate motion of the defendant Ogden Allied Security Services, Inc., for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is modified by deleting the provision thereof denying the motion of the defendant Lumex, Inc. for summary judgment dismissing the complaint insofar as asserted against it and substituting therefor a provision granting that motion; as so modified the order is affirmed, with costs to the defendant Lumex, Inc.

The instant action, *inter alia,* to recover damages for wrongful death, arises from the robbery and killing of the plaintiff's decedent, Francis S. Crowe, an employee of the defendant Mid-Island Check Cashing Corp. (hereinafter Mid-Island), while attempting to make a delivery to a factory owned by the defendant Lumex, Inc. (hereinafter Lumex). At the time of the fatal shooting of the plaintiff's decedent, a contract between Mid-Island and Lumex provided that Lumex was to maintain a "reasonable level of internal security". Pursuant to another contract, Ogden Allied Security Services, Inc. (hereinafter Ogden) was to provide Lumex with "uniformed security service to provide a deterrent in the employee parking lot". The Supreme Court granted summary judgment to Ogden, but denied the same relief to Lumex, finding that questions of fact existed. We

find that summary judgment should also have been granted to Lumex.

While the agreement between Lumex and Mid-Island required that Lumex "maintain a reasonable level of internal security, and facilitate an efficient payroll service by Mid-Island", the evidence, including the testimony of representatives of both contracting parties during their examinations before trial, indicates that Lumex complied with whatever security requests Mid-Island made of it, and its contractual obligation did not require that it provide security for Mid-Island's armed payroll security guards. Thus, Lumex established that it had satisfied its contractual duty to Mid-Island and to the noncontracting decedent.

Accordingly, we find that Lumex established its entitlement to judgment as a matter of law (see, Zuckerman v City of New York, 49 NY2d 557).

The plaintiff's contentions are without merit. Bracken, J. P., Sullivan, Pizzuto and Krausman, JJ., concur.